**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICK HOLNESS,** | : | **Civil No. 1:13-CV-1491** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Judge Jones)** |
| | : | |
| **JOHN E. WETZEL, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of The Case

#### A.    Procedural History

This case comes before us for a second legally-mandated screening review. This is a *pro se* civil rights case first filed by the plaintiff, a state prisoner, on June 3, 2013.  (Doc. 1)  Holness' initial complaint was a spare 3-page document, which was devoid of any factual allegations and simply alleged that the defendants, who include the secretary of the Department of Corrections, "illegally incarcerated [him] within the inhumane and dehumanizing confines of supermax."  Alleging without any supporting factual detail that he had been the victim of battery, assault and blatant racism, Holness demanded a prison transfer or release from custody.  (Id.)

Along with his complaint, Holness filed a motion seeking leave to proceed *in forma pauperis.*  (Doc. 2)  We granted the motion for leave to proceed *in forma*

*pauperis*, (Doc. 2), but as part of our legally-mandated screening review we found that Holness had failed to state a claim upon which relief may be granted. (Doc. 5)

In particular, we found that, in its current form, dismissal of this complaint was warranted because the complaint plainly failed to comply with Rule 8's basic injunction that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Therefore, we recommended that the Court dismiss the claims lodged against these defendants for failure to presently state a claim upon which relief can be granted, without prejudice to allowing the plaintiff to attempt to correct the deficiencies noted in this report and recommendation by filing an amended complaint. The district court adopted this Report and Recommendation on August 7, 2013, and permitted Holness 20 days in which to amend his complaint to address the deficiencies cited for him in our Report and Recommendation. (Doc. 7)

Holness has now belatedly filed an amended complaint, (Doc. 11), which regrettably fails to correct the deficiencies previously noted by this Court. Quite the contrary, Holness' pleading actually compounds those shortcomings in several significant ways. First, this amended complaint, like Holness' original complaint, is devoid of any well-pleaded factual allegations tying any defendants to the alleged conduct at issue in this litigation. Instead, Holness simply labels the conditions of his

confinement as inhumane and asserts that he has been subjected to battery at some time by someone who is otherwise unidentified. While Holness' complaint is unadorned by any well-pleaded facts, the number of defendants named in the caption of this pleading has expanded exponentially, from four to fifty-one. (Id.) Many of these defendants are supervisory officials, and of none of the defendants are linked in any discernable way to any particular actions or events. (Id.) Further, the only well-pleaded fact in the amended complaint suggests that many of these claims are time-barred, since Holness alleges that these condition have existed "for approximately since the year of 2009 to the present of [sic] a total of four years." (Id., Section IV.)

Finally, the scope of the plaintiff class in this case has also exploded, with Holness now purporting to bring this lawsuit as a "major class action . . . directed against every single member of the Department of Corrections." Thus, Holness' complaint, while largely indecipherable, seems global in its reach and purports to sue every state prison official on behalf of a class of all state inmates. (Id.)

For the reasons set forth below, it is recommended that this amended complaint be dismissed.

## II.    Discussion

### A.    Screening of *Pro Se In forma Pauperis* Complaints–Standard of Review

This Court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides

that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." <u>Id.</u> at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>

In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations  sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to  show that the plaintiff has a "plausible claim for relief."  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In  practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947.  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the

assumption of truth.' Id. at 1950.  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts tying the defendants to some alleged misconduct.  This fundamental requirement is driven both by matters of principle, and by pragmatic considerations.  As a matter of principle and practice, a basic factual recital is

essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired. Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint).

## B. Holness' Amended Complaint Violates Rule 8

At the outset, dismissal of this amended complaint is warranted because the complaint plainly fails to comply with Rule 8's basic injunction that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal

Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." Scibelli v. Lebanon County, 219 F.App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible", Stephanatos v. Cohen, 236 F.App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n. 1 (5th Cir.2005).

Dismissal under Rule 8 is also proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, 441 F.App'x 109 (3d Cir. 2011). Similarly, dismissal is appropriate in " 'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995) (quotations omitted)." Tillio v. Spiess, 441 F. App'x 109, 110 (3d

Cir. 2011); <u>Tillio v. Northland Grp. Inc.</u>, 456 F. App'x 78, 79 (3d Cir. 2012). Further, a complaint may be dismissed under Rule 8 when the pleading is simply illegible and cannot be understood. <u>See, e.g.</u>, <u>Moss v. United States</u>, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); <u>Radin v. Jersey City Medical Center</u>, 375 F. App'x 205 (3d Cir. 2010); <u>Earnest v. Ling</u>, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); <u>Oneal v. U.S. Fed. Prob.</u>, CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); <u>Gearhart v. City of Philadelphia Police</u>, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).

These principles are applicable here, and compel the dismissal of this amended complaint. The complete failure of the amended complaint to contain any well-pleaded facts describing what the 51 named defendants are alleged to have done leaves "defendants having to guess what of the many things discussed constituted [a cause of action]." <u>Binsack v. Lackawanna County Prison</u>, 438 F. App'x 158 (3d Cir. 2011). Therefore Rule 8 compels dismissal of the complaint in its entirety.

## C. The Amended Complaint Fails to State Any Claims of Supervisory Liability

Further, to the extent that the amended complaint names numerous supervisory defendants, Holness has not alleged sufficient facts to give rise to supervisory liability against these officials. In considering claims brought against supervisory officials arising out of alleged constitutional violations, the courts recognize that prison supervisors may be exposed to liability only in certain, narrowly defined, circumstances.

At the outset, it is clear that a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendants were prison supervisors when the incidents set forth in the complaint occurred. Quite the contrary, to state a constitutional tort claim the plaintiff must show that the supervisory defendants actively deprived him of a right secured by the Constitution. Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

In particular, with respect to prison supervisors it is well-established that:

"A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

As the Supreme Court has observed:

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Applying these benchmarks, courts have frequently held that, in the absence of evidence of supervisory knowledge and approval of subordinates' actions, a plaintiff may not maintain an action against supervisors based upon the misdeeds of

-13-

their subordinates. O'Connell v. Sobina, No. 06-238, 2008 WL 144199, * 21 (W.D. Pa. Jan. 11, 2008); Neuburger v. Thompson, 305 F. Supp. 2d 521, 535 (W. D. Pa. 2004). Rather, "[p]ersonal involvement must be alleged *and is only present where the supervisor directed the actions of supervisees or actually knew of the actions and acquiesced in them.* See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)." Jetter v. Beard, 183 F. App'x 178, 181 (3d Cir. 2006)(emphasis added).

Here, Holness does nothing more than name supervisory officials in the caption of the case, and then seek to hold these officials personally liable based upon the official's supervisory status without making any specific factual allegations about these defendants in the body of this pleading. To the extent that the amended complaint simply premises the liability of these defendants upon their supervisory status without setting forth any further factual basis for a claim in the body of this pleading, this cursory style of pleading is plainly inadequate to state a claim against a prison supervisor and compels dismissal of these defendants. Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case.)

### D.    Holness May Not Maintain This Case as a Class Action

In addition, Holness may not maintain this lawsuit as an inmate class action. Pursuant to Rule 23 of the Federal Rules of Civil Procedure there are four

prerequisites which must be met before a proposed class action may be certified. To obtain class certification Holness must show that:

> 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class.

See Fed.R.Civ.P. 23(a). These requirements are set forth in Rule 23 in the conjunctive. Therefore, a district court can only certify a class if all four requirements of Rule 23(a) are met. See In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 309 n.6 (3d Cir. 2008); In re Prudential Ins. Co. of America Sales Practice Litigation, 148 F.3d 283, 308-09 (3d Cir. 1998). Since all four of these elements must be met before a class action may be certified, the failure to satisfy any single element is fatal to any class action claim.

In this case, turning first to Rule 23's requirement that "the representative parties will fairly and adequately protect the interests of the class," we find that Holness cannot serve as a fair and adequate class representative. Indeed, it is well-settled that: "a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); see also Wallace v. Smith, 145 Fed.

Appx. 300, 302 (11th Cir.2005)." <u>Alexander v. New Jersey State Parole Bd</u>,. 160

F.App'x 249, 250 (3d Cir. 2005). Thus, "*pro se* litigants are generally not appropriate

as class representatives. <u>See</u> <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th

Cir.1975)." <u>Hagan v. Rogers</u>, 570 F.3d 146, 159 (3d Cir. 2009). Since Holness, a *pro*

*se* inmate litigant plainly intends to serve as this class representative, his request for

class certification does not meet this threshold consideration that the representative

party will fairly and adequately protect the interests of the class, and this *pro se* class

action complaint should be dismissed.

### E.    Many of These Claims Are Time Barred

In addition, the only well-pleaded fact in the amended complaint suggests that

many of these claims are time-barred, since Holness alleges that these condition have

existed "for approximately since the year of 2009 to the present of [sic] a total of four

years." (Doc. 11, Section IV)  When conducting a screening review of a *pro se*

complaint under 28 U.S.C. § 1915, a court may consider whether the complaint is

barred under the applicable statute of limitations. As the United States Court of

Appeals for the Third Circuit recently explained when it affirmed the screening

dismissal of a *pro se* complaint on statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal
> injury actions of the pertinent state. Thus, Pennsylvania's two year
> statutory period applies to [these] claims.  <u>See</u> <u>Lake v. Arnold</u>, 232 F.3d

360, 368 (3d Cir.2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. <u>Gera v. Commonwealth of Pennsylvania</u>, 256 Fed.Appx. 563, 564-65 (3d Cir.2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. <u>See</u> <u>Fogle v. Pierson</u>, 435 F.3d 1252, 1258 (10th Cir.2006); <u>see also</u> <u>Eriline Co. S.A. v. Johnson</u>, 440 F.3d 648, 656-57 (4th Cir.2006) (citation omitted)(finding that a district court's screening authority under § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered sua sponte.").

<u>Smith v. Delaware County Court</u>, 260 F. App'x. 454, 455 (3d Cir. 2008); <u>see also</u> <u>Jackson v. Fernandez</u>, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); <u>Hurst v. City of Dover</u>, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

It is well-settled that claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. <u>Wilson v. Garcia</u>, 471 U.S. 261, 266-67 (1985). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa.C.S.A. § 5524. A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. <u>Sameric Corp. of Delaware, Inc. v. City of Philadelphia</u>, 142 F.3d 582, 599 (3d Cir. 1998); <u>see also</u>, <u>Nelson v. County of Allegheny</u>, 60 F.3d 1010 (3d Cir. 1995).

While this two-year limitations period may be extended based upon a continuing wrong theory, a plaintiff must make an exacting showing to avail himself of this grounds for tolling the statute of limitations. For example, it is well settled that the "continuing conduct of [a] defendant will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action]. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (quoting Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)). See also Lake v. Arnold, 232 F.3d 360, 266-68 (3d Cir. 2000). Instead:

> The continuing violations doctrine is an "equitable exception to the timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir.1995). Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991). In order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." West, 45 F.3d at 755 (quotation omitted). Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to

discriminate.  See id. at 755 n. 9 (citing Berry v. Board of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir.1983)).  The consideration of "degree of permanence" is the most important of the factors.  See Berry, 715 F.2d at 981.

Cowell v. Palmer Township. 263 F.3d 286, 292 (3d Cir. 2001)

Here, on its face, Holness' complaint alleges that the conditions which he protests have existed for four years.  Holness characterizes these prison conditions as inhumane, a description which attributes a degree of significance and permanence to the conditions which should have immediately triggered the plaintiff's awareness of his duty to assert his rights.  Therefore, in this case a straightforward application of the two-year statute of limitations also compels dismissal of this action as untimely.

Holness cannot save these time-barred claims by resort to the continuing violation theory since that tolling doctrine "will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action].  On discovering an injury and its cause, a claimant must choose to sue or forego that remedy."  Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998).  Indeed, with respect to the controlling consideration relating to this equitable tolling doctrine, "the degree of permanence [of the injury, i.e.]-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his rights," Cowell v. Palmer Township. 263 F.3d 286, 292 (3d Cir. 2001), it is apparent

that Holness subjectively identified the gravity and permanence of these events when they occurred in 2009. On these facts, Holness simply cannot evade the bar of the statute of limitations on some continuing wrongs theory, since the wrongs, if any, committed here were fully known by Holness more than two years ago. Therefore, on the face of the complaint, these claims are all time-barred.

### F. The Amended Complaint Should be Dismissed with Prejudice

Finally, we recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See <u>Fletcher-Hardee Corp. v. Pote  Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). Since this latest *pro se* complaint still does not comply with these pleading rules, and does not contain sufficient factual recitals to state a claim upon which relief may be granted, these allegations should be dismissed under 28 U.S.C. § 1915A, and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Moreover, in this case, the Court has previously provided the plaintiff with an opportunity to amend these pleadings, but to no avail. This amended complaint fails to state a viable civil rights cause of action, and actually repeat assertions that were previously found to be legally insufficient. Since the plaintiff has been afforded ample opportunity to correct the deficiencies identified

in his prior complaint, has failed to state a viable civil rights cause of action, and the factual and legal grounds proffered in support of the complaint make it clear that he has no right to relief, granting further leave to amend would be futile or result in undue delay.  <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).  Therefore, it is recommended that  both this amended complaint be dismissed without further leave to amend.

### III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's amended complaint should be dismissed with prejudice.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 27th day of September 2013.

**_S/Martin C.  Carlson_**
Martin C. Carlson
United States Magistrate Judge